**FITAPELLI & SCHAFFER, LLP**
Frank J. Mazzaferro
David J. Sack
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUAN POLANCO, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **No:** |
| **-against-** | |
| **VICTORY AUTO GROUP LLC; SPARTAN AUTO GROUP LLC; VICTORY MOTORS LLC; PHILIP ARGYOPOULOS, individually; DIANE ARGYOPOLOUS, individually; and SCOTT BONFORTI, individually,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiff Juan Polanco ("Plaintiff" of "Polanco"), individually and on behalf of all others similarly situated, as the class representative, upon personal knowledge as to himself and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages, overtime pay, unpaid commissions and unlawful deductions for Plaintiff and any similarly situated co-workers – sales representatives – who worked for Victory Auto Group LLC, Spartan Auto Group LLC, Victory Motors LLC, Philip Argyopoulos, Diane Argyopolous, and Scott Bonforti (collectively "Victory Auto" or "Defendants").

2.     Victory Auto is a privately owned car dealership in the Bronx.

3.     At Victory Auto, sales representatives are paid pursuant to a commission plan plus shift pay. However, in many instances sale representatives did not earn any commissions in a given

pay period or did not earn enough commissions to reach the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Regardless of how many hours sales representatives worked or the amount of commissions they earned, sales representatives were not paid additional compensation.

4.     Pursuant to the commission plan between Victory Auto and its sales representatives, it was agreed that on the sale of new and used vehicles, sales representatives received a twenty (20) percent commission on the gross profit from the "front end" of a sale.

5.     Notwithstanding its commission plan with the sales representatives, Victory Auto designed and implemented an ongoing scheme whereby it manipulated the gross profits of cars sold thereby reducing its sales representatives' commissions and increasing its own profits.

6.     In violation of the NYLL, commissions owed were also reduced by "packs" added to the "front end" of new and used vehicles. Specifically, Victory Auto would decrease the commissionable gross by adding "packs" of approximately $1,200 to the "front end" of used vehicles and approximately $1,000 to the "front end" of new vehicles.

7.     Additionally, Victory Auto often gave sales representatives flat commissions on certain deals regardless of the profit margin on the "front end."

8.     Victory Auto also has a policy and/or practice whereby sales representatives are impermissibly charged back paid commissions for reasons including, but not limited to: repairs. These often-unexplained charge backs, were made weeks or months after the sales representative closed a deal, received the commission, and were given a commission breakdown. The reduction of commissions by the imposition of these charge backs were not agreed upon in writing with the sales representatives, in violation of the NYLL.

9.     Plaintiff sustained direct and proximate financial harm to his income as a result of

Defendants' unscrupulous business practices, perpetrated in order to avoid payment to its employees.

10. Upon information and belief, Victory Auto employs at least 50 salespersons, known as sales representatives.

11. Plaintiff brings this action on behalf of himself and all other similarly situated current and former employees in the position of sales representatives at Victory Auto who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the minimum wage provisions of the FLSA.

12. Plaintiff also brings claims on behalf of himself and a class of similarly situated current and former employees who work or worked for Defendants as sales representatives in New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for failure to pay minimum wage, overtime pay, failure to pay agreed upon wages, unlawful retention of wages, and unlawful deduction of commissions in violation of the NYLL Article 19, §§ 650 *et seq*., the NYLL Article 6, §§ 190, 191 *et seq.*, and 193, the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, and the common law.

## THE PARTIES

### Plaintiff

#### Juan Polanco

13. Polanco is an adult individual who is a resident of New York, New York.

14. Polanco was employed by Victory Auto at the dealership located at 4070 Boston Road, Bronx, New York 10475, as a sales representative from approximately March 13, 2016 through July 6, 2018.

15. As a sales representative, Polanco's principal activity involved the sale of new and used cars to customers.

16. Polanco is a covered employee within the meaning of the FLSA and the NYLL.

17. A written consent form for Polanco is being filed with this Class Action Complaint.

**Defendants**

18. Defendants Victory Auto Group LLC, Spartan Auto Group LLC, Victory Motors LLC, Philip Argyopoulos, Diane Argyopolous, and Scott Bonforti jointly employed Plaintiff and similarly situated employees at all times relevant.

19. Each Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

20. Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

21. During all relevant times, Defendants' operations were interrelated and unified.

22. During all relevant times, Defendants have been Plaintiff's and similarly situated sales representatives' employers within the meaning of the FLSA and NYLL.

23. Upon information and belief, during all relevant times, all of Victory Auto's dealerships shared a common management and were centrally controlled and/or owned by Defendants.

24. Upon information and belief, during all relevant times, Defendants have had control over, and the power to change compensation practices at Victory Auto.

25. Upon information and belief, Defendants have had the power to determine employee policies at Victory Auto, including, but not limited to, minimum wages, overtime pay, the payment of commissions, deductions from commissions, and commission charge backs.

**Victory Auto Group LLC**

26.     Together with the other Defendants, Victory Auto Group LLC ("Victory Auto Group") owned and/or operated Victory Auto during the relevant period.

27.     Victory Auto Group's service of process address is 4101 Boston Road, Bronx, New York 10466.

28.     Victory Auto Group is a domestic limited liability company doing business in New York State.

29.     At all relevant times, Victory Auto Group maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

30.     Victory Auto Group applied the same employment policies, practices, and procedures to all sales representatives at Victory Auto Group, including policies, practices, and procedures with respect to payment of minimum wages, overtime pay, commissions and other wages.

31.     Victory Auto Group is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

32.     Upon information and belief, at all relevant times Victory Auto Group had an annual gross volume of sales in excess of $500,000.

**Spartan Auto Group LLC**

33.     Together with the other Defendants, Spartan Auto Group LLC ("Spartan Auto") owned and/or operated Victory Auto during the relevant period.

34.     Spartan Auto's service of process address is 4101 Boston Road, Bronx, New York

10466.

35.     Spartan Auto is a domestic limited liability company doing business in New York State.

36.     At all relevant times, Spartan Auto maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

37.     Spartan Auto applied the same employment policies, practices, and procedures to all sales representatives at Spartan Auto, including policies, practices, and procedures with respect to payment of minimum wages, overtime pay, commissions and other wages.

38.     Spartan Auto is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

39.     Upon information and belief, at all relevant times Spartan Auto had an annual gross volume of sales in excess of $500,000.

**Victory Motors LLC**

40.     Together with the other Defendants, Victory Motors LLC ("Victory Motors") owned and/or operated Victory Motors during the relevant period.

41.     Victory Motors' service of process address is 2020 Boston Post Road, Larchmont, New York 10538.

42.     Victory Motors is a domestic limited liability company doing business in New York State.

43.     At all relevant times, Victory Motors maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing,

disciplining, timekeeping, payroll, and other employment practices.

44. Victory Motors applied the same employment policies, practices, and procedures to all sales representatives at Victory Motors, including policies, practices, and procedures with respect to payment of minimum wages, overtime pay, commissions and other wages.

45. Victory Motors is a covered employer within the meaning of the FLSA and NYLL, and, at all times relevant employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

46. Upon information and belief, at all relevant times Victory Auto Group had an annual gross volume of sales in excess of $500,000.

**Individual Defendants**

47. Philip Argyopoulos, Diane Argyopolous, and Scott Bonforti ("Individual Defendants"), maintained control over, oversaw, and directed the operation of Victory Auto, including its employment practices, during the relevant period.

48. Upon information and belief, the Individual Defendants manage and/or own Victory Auto.

49. During all times relevant, the Individual Defendants were "employers" under the FLSA and NYLL, and employed or jointly employed Plaintiff and similarly situated employees.

50. Upon information and belief, throughout the relevant period, the Individual Defendants have had the power to control the operations and compensation practices at Victory Auto.

**Philip Argyopoulos**

51. Upon information and belief, Philip Argyopoulos is a resident of the State of New York.

52. At all relevant times, Philip Argyopoulos has been the founder and co-owner of Victory Auto.

53. Upon information and belief, Philip Argyopoulos has an office at Victory Auto Group 4101 Boston Road, Bronx, New York 10466.

54. In a dealer's sales and service agreement submitted as an Exhibit in the matter titled *People of the State of New York, by Eric T. Schneiderman, Attorney General of the State of New York v. Victory Motors, LLC*, *et al.*, Philip Argyopoulos is identified as owning 100% of Victory Motors LLC. *See* Exhibit ("Ex.") A at p. 2.

55. At all relevant times, Philip Argyopoulos has had power over personnel decisions at Victory Auto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

56. At all relevant times, Philip Argyopoulos has had power over payroll decisions at Victory Auto, including the power to retain time and/or wage records.

57. At all relevant times, Philip Argyopoulos is actively involved in managing the day-to-day operations of Victory Auto.

58. At all relevant times, Philip Argyopoulos has also had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

59. At all relevant times, Philip Argyopoulos has had the power to transfer the assets and/or liabilities of Victory Auto

60. At all relevant times, Philip Argyopoulos has had the power to enter into contracts on behalf of Victory Auto.

61. At all relevant times, Philip Argyopoulos has had the power to close, shut down, and/or sell Victory Auto dealerships.

62.     Philip Argyopoulos is a covered employer within the meaning of the FLSA and NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

**Diane Argyopolous**

63.     Upon information and belief, Diane Argyopoulos is a resident of the State of New York.

64.     At all relevant times, Diane Argyopoulos has been the founder and co-owner of Victory Auto.

65.     Upon information and belief, Diane Argyopoulos has an office at Victory Auto Group 4101 Boston Road, Bronx, New York 10466.

66.     In a deposition in the matter titled *Quanli Hu v. Victory Auto Group, LLC d/b/a Bronx Suzuki, et al.,* Diane Argyopoulos admits that herself and her husband own Victory Auto. *See* Ex. B at p. 8, 9.

67.     At all relevant times, Diane Argyopoulos has had power over personnel decisions at Victory Auto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

68.     At all relevant times, Diane Argyopoulos has had power over payroll decisions at Victory Auto, including the power to retain time and/or wage records.

69.     At all relevant times, Diane Argyopoulos is actively involved in managing the day-to-day operations of Victory Auto.

70.     At all relevant times, Diane Argyopoulos has also had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

71.     At all relevant times, Diane Argyopoulos has had the power to transfer the assets

and/or liabilities of Victory Auto

72.     At all relevant times, Diane Argyopoulos has had the power to enter into contracts on behalf of Victory Auto.

73.     At all relevant times, Diane Argyopoulos has had the power to close, shut down, and/or sell Victory Auto dealerships.

74.     Diane Argyopoulos is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

**Scott Bonforti**

75.     Upon information and belief, Scott Bonforti is a resident of the State of New York.

76.     At all relevant times, Scott Bonforti has been the co-owner of Victory Auto.

77.     Scott Bonforti has an office at Victory Auto Group 4101 Boston Road, Bronx, New York 10466.

78.     In an answer in the matter titled *Marrero v. Victory Auto Group et al.,* Scott Bonforti admits to being the owner of Victory Auto. *See* Ex. C (Complaint) at ¶ 14; Ex. D (Answer) ¶14.

79.     At all relevant times, Scott Bonforti has had power over personnel decisions at Victory Auto, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

80.     At all relevant times, Scott Bonforti has had power over payroll decisions at Victory Auto, including the power to retain time and/or wage records.

81.     At all relevant times, Scott Bonforti is actively involved in managing the day-to-day operations of Victory Auto.

82.     At all relevant times, Scott Bonforti has also had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

83.     At all relevant times, Scott Bonforti has had the power to transfer the assets and/or liabilities of Victory Auto

84.     At all relevant times, Scott Bonforti has had the power to enter into contracts on behalf of Victory Auto.

85.     At all relevant times, Scott Bonforti has had the power to close, shut down, and/or sell Victory Auto dealerships.

86.     Scott Bonforti is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

87.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

88.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

89.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

90.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

91.     Plaintiff brings the First Cause of Action, FLSA claims, on behalf of:

All current and former sales representative employed at the Victory Auto between July 27, 2016[1] and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective).

92.     At all relevant times, Plaintiff and the FLSA Collective Members have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at the legally required minimum wage for all hours worked. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

93.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay full minimum wages.

94.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all of the hours they work.

95.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

96.     A violation of the FLSA is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

97.     Defendants did not consult with counsel regarding their wage and hour practices relating to sales representatives.

98.     As a result, Defendants acted willfully due to their reckless disregard of their conduct.

---

[1] On October 24, 2018, Plaintiff's counsel and Defendants' counsel, Stephen D. Hans & Associates, P.C., entered into a tolling agreement. *See* Ex. E.

99. The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

100. The FLSA Collective Members are readily ascertainable.

101. For the purpose of notice and other purposes related to this action, the FLSA Collective Members' names and addresses are readily available from Defendants' records.

102. Notice can be provided to the FLSA Collective Members via first class mail to the last address known to Defendants.

## CLASS ACTION ALLEGATIONS

103. Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL and common law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who have worked as sales representatives at the Victory Auto dealership between June 26, 2013[2] and the date of final judgment in this matter (the "Rule 23 Class").

104. Excluded from the Rule 23 Class are Defendants; Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who has had at any time during the class period, a controlling interest in Victory Auto; the judge(s) to whom this case is assigned and any member of the judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

105. The members of the Rule 23 Class ("Class Members") are readily ascertainable. The number and identity of the Rule 23 Class Members are determinable from the Defendants' records. The hours assigned and worked, the positions held, pay, and commissions for each Rule 23 Class Member are also determinable from Defendants' records. For the purpose of notice and

---

[2] *Id.*

other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

106. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

107. There are more than fifty Rule 23 Class Members.

108. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

109. All the Rule 23 Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wages, overtime wages, commissions, failing to provide proper annual wage and hour notices, and failing to provide proper wage statements.

110. Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

111. Plaintiff and the Rule 23 Class Members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

112. Plaintiff and other Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

113.   Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

114.   Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

115.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

116.    Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

117.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

118.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting the Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

(a) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours worked;

(b) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c) whether Defendants failed to pay Plaintiff and the Rule 23 Class wages and all other monies earned in accordance with their commission agreement, as required by NYLL §§ 191 et seq.;

(d) whether Defendants failed to calculate Plaintiff's and the Rule 23 Class' commissions in accordance with their commission agreement, as required by NYLL §§ 191 et seq.;

(e) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate

statements of earnings, as required by the NYLL;

(f) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class, in violation of the NYLL §§ 193 et seq.;

(g) whether Defendants failed to pay Plaintiff and the Rule 23 Class agreed upon wages;

(h) whether Defendants' policy of failing to pay Plaintiff and the Rule 23 Class was instituted willfully or with reckless disregard of the law;

(i) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with a proper statement with every payment of wages and proper wage notices as required by the NYLL; and

(j) the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFF'S FACTUAL ALLEGATIONS

119.    Consistent with Defendants' policies, patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Juan Polanco**

120.    Defendants did not pay Polanco the proper minimum wages, overtime pay, and other wages for all of the time that he was suffered or permitted to work each workweek.

121.    Defendants withheld from Polanco commissions he earned from selling new and used vehicles for Defendants, where Defendants had agreed to pay these commissions to Polanco upon performance, and where such commissions were due to Polanco in accordance with the agreed terms of his employment.

122.    Defendants would only pay Polanco flat commissions on certain deals, regardless of the gross profit on the car sold. Polanco never agreed to the commission structure for flat commissions and such deals were not paid in accordance with the agreed terms of his employment.

17

123.    Defendants failed to calculate Polanco's commissions in accordance with the agreed upon terms of his commission agreement.

124.    Defendants made deductions from Polanco's wages that were not in accordance with the provisions of any law, rule, or regulation, and that were not expressly authorized by Polanco nor made for his benefit.

125.    During his employment, Polanco generally worked the following scheduled hours unless he missed time for vacation, sick days, or holidays:

- Twice a week from approximately 9:00am to 8:00pm;
- Fridays from approximately 9:00am to 6:00pm;
- Saturdays from approximately 9:00am to 8:00pm; and
- every other Sunday from approximately 10:00 a.m. to 4:00 p.m.

126.    Defendants failed to furnish Polanco with accurate statements of wages, hours worked, rates paid, and gross wages, or an accurate annual wage notice.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act - Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

127.    Plaintiff, on behalf of himself and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

128.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

129.    At all relevant times, each of the Defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiff and the FLSA Collective Members.

130.    Defendants were required to pay directly to Plaintiff and the FLSA Collective Members the applicable minimum wage rates for all hours worked.

131.    Defendants failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

132.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

133.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

134.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law - Minimum Wage
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

135.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

136.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

137. At all times relevant, Plaintiff and Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Rule 23 Class Members within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

138. At all times relevant, Plaintiff and the Rule 23 Class Members have been covered by the NYLL.

139. Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

140. Pursuant to the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $11.00 per hour on and after December 31, 2016; $13.00 per hour on and after December 31, 2017; $15.00 per hour on and after December 31, 2018.

141. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

142. Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law– Unpaid Overtime
#### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

143.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

144.    Defendants failed to pay Plaintiff and the Rule 23 Class Members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

145.    Defendants failed to pay Plaintiff and the Rule 23 Class Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

146.    Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations. *See also, Karic v. Major Auto. Companies Inc.*, 992 F. Supp. 2d 196, 200 (E.D.N.Y. 2014) (commission sales representatives entitled to overtime pay pursuant to NYLL).

147.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Commissions
#### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

148.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

149. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor regulations.

150. At all times relevant, Defendants have been employers within the meaning of NYLL §§ 190, et seq., and any supporting New York State Department of Labor regulations.

151. At all times relevant, Plaintiff and the members of the Rule 23 Class were employed as commission salespersons within the meaning of NYLL §§ 190, 191(c) et seq.

152. The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Rule 23 Class.

153. Defendants failed to pay Plaintiff and the Rule 23 Class commissions earned in accordance with the agreed upon terms of their employment.

154. Defendants failed to calculate Plaintiff and the Rule 23 Class' commissions in accordance with the terms of their commission agreement.

155. By Defendants' knowing or intentional failure to pay earned commissions to Plaintiff and the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 191(1)(c).

156. Defendants also violated NYLL Article 6, § 191(1)(c) by failing to furnish Plaintiff and the Rule 23 Class with an accurate statement of earnings.

157. Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Unlawful Deductions From Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

158.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

159.    Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class.

160.    The deductions Defendants made from the wages of Plaintiff and the Rule 23 Class were not expressly authorized in writing by Plaintiff and the Rule 23 Class, and were not for the benefit of Plaintiff and the Rule 23 Class.

161.    Defendants' unlawful deductions include, but are not limited to, repairs to vehicles.

162.    By Defendants' knowing or intentional effort to make deductions from the wages of Plaintiff and the Rule 23 Class, Defendants have willfully violated NYLL Article 6, § 193.

163.    Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, as provided for by NYLL Article 6 § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law - Breach of Contract**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

164.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

165.    Plaintiff and members of the Rule 23 Class entered into employment contracts with Defendants, including implied and/or express contracts.

166.	Defendants agreed to pay Plaintiff and members of the Rule 23 Class twenty (20) percent commission on the gross profit from the "front end" of new and used vehicle sales.

167.	As consideration for these payments from Defendants, Plaintiff and members of the Rule 23 Class agreed to, and did, provide their labor and services for Defendants.

168.	Plaintiff and members of the Rule 23 Class fully performed all of their obligations under the agreement.

169.	With regards to commissions, the terms of these contracts included, but were not limited to:

(a)	Defendants agreed to pay commissions to Plaintiff and members of the Rule 23 Class;

(b)	Plaintiff and members of the Rule 23 Class were to earn commissions by selling vehicles for Defendants; and

(c)	The commissions were considered earned when Plaintiff and members of the Rule 23 Class sold vehicles.

170.	Defendants breached the agreement by failing to pay Plaintiff and members of the Rule 23 Class all commissions and other wages earned.

171.	Defendants breached the agreement by failing to calculate Plaintiff's and members of the Rule 23 Class' commissions in accordance with their commission agreements.

172.	Defendants' failure to comply with the terms of the agreement constitutes a breach of contract.

173.	As a result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Notices
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

174.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

175.    Defendants failed to furnish Plaintiff and the members of the Rule 23 Class with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

176.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

177.    Plaintiff, on behalf of himself and the Rule 23 Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

178.    Defendants failed to furnish Plaintiff and the members of the Rule 23 Class with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

179.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, collectively and on behalf of all other similarly situated persons, pray for the following relief:

A.  At the earliest possible time, Plaintiff should be allowed to give notice of this class action, or that the court issue such notice, to all persons who are presently, or have at any time from September 14, 2015, up through and including the date of this Court's issuance of court-supervised notice, been employed by Victory Auto at its dealerships in New York as sales representatives or in roles with the same or similar duties but different titles.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum wage;

B.  Unpaid minimum wages and an additional and equal amount as liquidated damages

pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations for Plaintiff and all those similarly situated;

C.   Unpaid minimum wages, overtime pay, agreed upon wages, unpaid commissions and unlawful deductions of wages, along with liquidated damages and interest, pursuant to NYLL Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

D.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.   Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

F.   Pre-judgment interest and post-judgment interest;

G.   An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

H.   Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190, 191 *et seq.*, and 193, and NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations;

I.   Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

J.   Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

K.   Reasonable attorneys' fees and costs of the action; and

L.  Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        December 15, 2023

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**
By:

_____
Frank J. Mazzaferro

**FITAPELLI & SCHAFFER, LLP**
Frank J. Mazzaferro
David J. Sack
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212)300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against Victory Auto and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.



Signature

Juan E. Polanco
Full Legal Name (Print)