# EXHIBIT A



# MITSUBISHI
### MOTORS NORTH AMERICA, Inc.

# DEALER SALES AND SERVICE AGREEMENT

**THIS AGREEMENT** is made and entered into by and between **Mitsubishi Motors North America, Inc.** a California corporation, with headquarters at 6400 Katella Avenue, Cypress, California 90630 (hereinafter referred to as "**MMNA**"), and

Victory Motors LLC
(Name of Dealer)

a     New York     Limited Liability Company     doing business as
          (State)

Victory Mitsubishi
(Name)

at   2020 Boston Post Road,                      Larchmont,
     (Number and Street)                            (City)
    Westchester         County,         NY          10538
     (County)                                (State)         (Zip)
(hereinafter referred to as "**Dealer**").

## 1. BASIS OF AGREEMENT

    *This Agreement* provides for the nonexclusive right of **Dealer** to sell and service motor vehicles which are listed on the most recent *MMNA Product* List as issued by **MMNA** from time to time, and related parts, accessories and options distributed in the United States by **MMNA**. **Dealer** acknowledges that Mitsubishi Motors Corporation and other manufacturers supplying motor vehicles to **MMNA** may now or in the future distribute motor vehicles or related products in the United States through distributors other than **MMNA**, and that entering into *this Agreement* confers no rights or benefits upon **Dealer** with respect to the sale or servicing of such motor vehicles or products.

## 2. TERM

    *This Agreement* shall continue in effect for a period of three (3) years from its effective date, unless earlier terminated by **Dealer** pursuant to Section X.A. of the accompanying MMNA Dealer Sales and Service Agreement Standard Provisions (hereinafter referred to as the ("Standard Provisions")or earlier terminated by **MMNA** pursuant to Section X.B. of the Standard Provisions. Unless earlier terminated by **MMNA** or **Dealer**, **MMNA** shall, not less than three (3) months prior to the expiration of *this Agreement*, conduct an evaluation of **Dealer's** performance to determine whether **Dealer** qualifies for renewal of *this Agreement* for an additional three (3) year term. Criteria considered in such evaluation shall be as set forth in the *Dealer Development Plan* then in effect for **Dealer**. If **MMNA** determines that **Dealer** qualifies for renewal of its MMNA dealership, **Dealer** and **MMNA** shall execute an MMNA Dealer Sales and Service Agreement in the form then used by **MMNA**, which agreement will include similar provisions for further re-qualification and renewal.

    If, at any time, **MMNA** determines that a different or revised form of dealer sales and service agreement would better serve the interests of the parties, **MMNA** may, upon a minimum of thirty (30) days' notice to **Dealer**, terminate *this Agreement* and offer the new or amended form of agreement to **Dealer** in its stead. **Dealer** must accept the new or amended form of agreement within thirty (30) days of receipt thereof.

(Rev. 8/21/03)

Agreement Date   MAR 31 2014
(DAP005)

1

### 3. OWNERSHIP OF DEALER

MMNA and Dealer recognize that the ability of Dealer to satisfactorily perform *this Agreement* is conditioned upon the continued active involvement in and/or ownership of Dealer by the following person(s) in the percentage(s) shown (hereinafter referred to as the *"Owners"*):

| Name | Title | Percentage of Ownership | Involvement in Management (Active or Inactive) |
|------|-------|------------------------|------------------------------------------------|
| Philip Argyropoulos | Member | 100% | Active |

*This Agreement* has been entered into by MMNA in reliance upon, and in consideration of, the personal qualifications and representations of the above-named *Owners*. Accordingly, except as otherwise provided herein, no change in the active involvement in Dealer's management by the *Owners* and no change in the ownership of Dealer by the *Owners* which results in a change in majority control or interest shall be permitted by Dealer or any *Owner* without the prior written approval of MMNA, which approval shall not be unreasonably withheld.

### 4. MANAGEMENT OF DEALER

Dealer represents that ___Philip Argyropoulos___ exercises the functions of general manager and ___Philip Argyropoulos___ exercises the functions of ___Dealer Principal___ (hereinafter referred to as the *"Executive Managers"*) of its MMNA dealership and that each has complete authority to make all decisions on behalf of Dealer with respect to the dealership operations.

MMNA has entered into *this Agreement* in reliance upon, and in consideration of, the personal qualifications and representations of the above-named *Executive Managers*. Accordingly, Dealer agrees that there shall be no change in the *Executive Managers* without MMNA's prior written consent. Dealer shall give MMNA prior written notice of any proposed change in *Executive Managers* (including the name and qualifications of the person proposed to be appointed as a replacement *Executive Manager*) and MMNA shall have the right, in its sole and reasonable discretion, to determine whether the proposed candidate possesses the requisite qualifications and experience for the position.

### 5. SALES LOCALITY

Subject to and in accordance with the terms and conditions hereof, MMNA has established the following *Sales Locality* as the non-exclusive, primary area of responsibility for Dealer's promotion and sale of *MMNA Products*:

City of: _____ Larchmont _____

County or Parish of ___Westchester___ State of ___NY___

Except as may be otherwise required by applicable law, MMNA reserves the right to sell and/or lease *MMNA Products* to others (including, without limitation, public or private fleet purchasers and employees of MMNA or its affiliates) and to enter into MMNA Dealer Sales and Service Agreements with others within and without the *Sales Locality*. MMNA and Dealer agree that additional *MMNA Dealers* may be appointed in or near the *Sales Locality* when MMNA determines, in accordance with applicable law, that additional MMNA sales and service facilities are warranted.

Nothing contained in *this Agreement* shall require or be construed to require Dealer's approval of MMNA entering into MMNA Dealer Sales and Service Agreements or any other agreements with others within or without the *Sales Locality*.

MAR 3 1 2014

Agreement Date _____

 MITSUBISHI
MOTORS NORTH AMERICA, INC.

2

## 6.  DEALERSHIP PREMISES

MMNA has approved the following premises as the location of Dealer's MMNA sales and service operations (hereinafter referred to as the "*Dealership Premises*").

**MMNA New Vehicle Sales Facilities**

2020 Boston Post Road

Larchmont, NY  10538

**Parts and Service Facilities**

2020 Boston Post Road

Larchmont, NY  10538

**General Offices**

4101 Boston Road (General Office)

Bronx, NY 10466

**Used Vehicle Display and Sales Facilities**

2020 Boston Post Road

Larchmont, NY  10538

**Vehicle Storage Facilities**

2020 Boston Post Road

Larchmont, NY  10538

Agreement Date    MAR 3 1 2014    **MITSUBISHI** MOTORS NORTH AMERICA, INC.

**Body and Paint Facilities**

N/A

**Parts Delivery**

MMNA and **Dealer** recognize that **Dealer** may sell *MMNA Products* to customers wherever they may be located. However, in order that MMNA may establish and maintain an effective network of *MMNA Dealers* for the sale and servicing of *MMNA Products*, **Dealer** specifically agrees that, without the prior written approval of MMNA, it shall not display *MMNA Trademarks* or, either directly or indirectly, establish any place or places of business for the conduct of any of its MMNA dealership operations, except on the *Dealership Premises* in the manner and for the purposes described above.

**Dealer** shall maintain all requirements and conditions of this MMNA Dealer Sales and Service Agreement as outlined in **Dealer's** most recent Dealer Development Plan, including but not limited to exclusive facility, management and capital requirements.

7. **LICENSES**

**Dealer** agrees to secure and maintain all licenses required for the operation of its business as contemplated by *this Agreement* in any state or jurisdiction where its MMNA dealership operations are to be conducted. If any such license or licenses are required, *this Agreement* shall not become effective, unless and until all such required licenses have been obtained and **Dealer** furnishes MMNA with a copy of all such licenses together with written notice specifying the date and number, if any, of all such licenses. **Dealer** shall notify MMNA immediately in writing if **Dealer** fails to secure, maintain or renew any such license. If any required license is suspended or revoked, **Dealer** shall notify MMNA immediately in writing of the effective date of such suspension or revocation.

8. **SCOPE OF AGREEMENT**

**Dealer** agrees to be bound by and comply with each and every term of this MMNA Dealer Sales and Service Agreement, all schedules hereto, the Standard Provisions, the *Dealer Development Plan*, the most recent *Product List* and all *Product Addenda*, the *Warranty Manual* and all other manuals heretofore or hereafter issued by MMNA, all modifications, extensions or renewals of any of the foregoing, and each and every bulletin or directive heretofore or hereafter issued to **Dealer** by MMNA. MMNA may from time to time deliver to **Dealer** a *Product Addendum* setting forth special terms and conditions applicable to particular *MMNA Vehicles* designated in the *Product Addendum*. Such special terms and conditions shall supersede and control any inconsistent terms and conditions in *this Agreement* with respect to the *MMNA Vehicles* designated in the *Product Addendum*. Each *Product Addendum* shall be effective as of the date specified in the *Product Addendum* and shall remain effective (1) until it is amended or terminated by its own terms or by a new *Product Addendum*, (2) until the *MMNA Vehicles* designated in the *Product Addendum* are no longer distributed by MMNA, or (3) until termination of *this Agreement*.

9. **DEFINITIONS**

Italicized terms used herein shall have the meanings set forth in Section II of the Standard Provisions

10. **GOVERNING LAW**

*This Agreement* shall be governed by, and construed in accordance with, the laws of the State of California.

Agreement Date _____ MAR 3 1 2014 ▲ **MITSUBISHI**
MOTORS NORTH AMERICA, Inc.

4

## 11. JURISDICTION

**MMNA** and **Dealer** agree that all litigation between **MMNA** and **Dealer** which may arise out of or in connection with *this Agreement* or any transaction between them shall be subject to the exclusive jurisdiction of the courts of the State of California or of the federal courts sitting therein, and each hereby consents to the jurisdiction of such courts. **Dealer** agrees that any and all process directed to it in any such litigation may be served upon it outside of California with the same force and effect as if such service had been made within California.

## 12. LEGAL EFFECT

*This Agreement* terminates and supersedes all prior written or oral agreements and understandings, if any, between **MMNA** and **Dealer**, except (1) any agreements expressly referred to and incorporated herein, (2) any indebtedness which may be owing by either **MMNA** or **Dealer** to the other, and (3) any of **Dealer's** unfilled orders with MMNA for any *MMNA Products* placed with MMNA pursuant to the provisions of any sales agreement terminated or superseded by *this Agreement*. Except as herein otherwise provided, upon execution of *this Agreement* by **Dealer** and in consideration of **MMNA's** entering into *this Agreement*, **Dealer** releases MMNA from any and all claims, demands, contracts and liabilities (including, but not limited to, statutory liabilities), known or unknown, of any kind or nature whatsoever, arising from or out of or in connection with any such prior agreements, business transactions, course of dealing, discussions or negotiations between the parties prior to the effective date hereof. **Dealer** expressly acknowledges and waives the application of California Civil Code §1542 which provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

## 13. NOTICES

Any notice to be given hereunder may be delivered to the party if a sole proprietor, to a partner of the party if a partnership, or to an officer of the party if a corporation, or may be given by sending such notice by registered or certified mail or by telegram or tested telex addressed, if to **Dealer**, to its principal office as above stated, and if to **MMNA**, to its headquarters as above stated, marked "Attention President". Except as otherwise provided in *this Agreement*, any notice so given shall be considered to have been given when delivered or mailed as provided above.

## 14. AUTHORITY OF DEALER

If **Dealer** is a partnership or corporation, **Dealer** shall provide **MMNA** with a certified copy of the partnership authorization, corporate resolution or other document evidencing the authority of **Dealer** to enter into and adhere to the terms of *this Agreement*.

## 15. VALIDITY

No representative of **MMNA** shall have authority, other than by a writing signed by the President or an Executive Vice President or two Vice Presidents of MMNA, to renew, extend or terminate *this Agreement*, or to amend, modify or waive any provision of *this Agreement* or any performance required hereby, or to make any agreement which imposes obligations on either **MMNA** or **Dealer** not specifically imposed by *this Agreement*.

## 16. ATTACHMENT

"See attached Addendum"



Agreement Date _MAR 3 1 2014_____

(DAP006)

5

IN WITNESS OF THE FOREGOING, the parties hereto have executed *this Agreement* in duplicate. *THIS AGREEMENT* SHALL NOT BECOME EFFECTIVE UNTIL IT HAS BEEN SIGNED BY THE PRESIDENT OR AN EXECUTIVE VICE PRESIDENT OR TWO VICE PRESIDENTS OF **MMNA**. **DEALER** WILL BE NOTIFIED IN WRITING BY MMNA WHEN *THIS AGREEMENT* HAS BEEN SO SIGNED, WHICH NOTICE WILL SPECIFY THE EFFECTIVE DATE OF *THIS AGREEMENT*.

**Victory Motors LLC**
**dba Victory Mitsubishi**
_____
(Dealer's Firm Name)

By _____     Date 2/24/14

Title _____

By _____     Date _____

Title _____

_____
(Witness)

**Mitsubishi Motors North America, Inc.**

By _____     Date _____
(Chairman)

OR

By _____     Date _____
(Executive Vice President)

OR

By _____     Date    MAR 3 1 2014
(Vice President)

and

By _____     Date    MAR 3 1 2014
(Vice President)

Agreement Date    MAR 3 1 2014     ▲ **MITSUBISHI**
MOTORS NORTH AMERICA, Inc.

6

Victory Motors, LLC
dba Victory Mitsubishi

# ADDENDUM

## Terms and Conditions

Set forth below are the terms and conditions to be satisfied by Dealer, as referenced in MMNA's Letter of Intent dated October 30, 2013, and incorporated by this reference, and Section 16 of the MMNA Sales and Service Agreement, to which this is attached as an Addendum.

Dealer shall provide exclusive dealership facilities for the sale and service of MMNA products on property located at **2020 Boston Post Road, Larchmont, New York**, as noted on Attachment 1, 2 and 3.

Dealer shall purchase from MMNA's authorized vendor, when available, all required showroom merchandising materials. Dealer shall also purchase from MMNA's authorized vendor, and install no later than thirty (30) days from the execution of this Dealer Agreement, ten (10) poster frames. Said elements shall be displayed in the appropriate customer areas inside the dealership at all times.

The above noted facility exceeds MMNA facility requirements in one or more departmental areas and/or total square footage. Dealer shall use the entire facility for its new Mitsubishi operation and any modification in the use of the facility, including the addition of other new line makes, must receive MMNA's prior written approval.

Dealer will purchase and install all required and allowable exterior elements of the MMNA Retail Image Program as set forth in the Letter of Intent dated October 30, 2013 and incorporated by this reference, within six (6) months of the effective date of this Dealer Agreement.

By: _____     Title: _MANAGING MEMBER_ Date: _2/24/14_

**MITSUBISHI**
MOTORS NORTH AMERICA, INC.

Agreement Date _____  MAR 3 1 2014

Attachment 1

Larchmont Location

Attachment 2

NASSAU ROAD

REVIEW CONDITION OF EXISTING TREES

REPAIR AND REPLACE EXISTING FENCE AS REQUIRED

REPLACE & REFURBISH EXISTING HOLLY SHRUBS AS REQUIRED

EXISTING GRASS TO REMAIN

NO FREE STANDING STANCHION SIGN PROPOSED

REDIRECT EXISTING LIGHTING TO MINIMIZE LIGHT SPILL OFF-SITE

PROVIDE ADDITIONAL LANDSCAPE LIGHTING ALONG PARKING SPACES 7-18

Mitsubishi Facility

NEW PLANTING AMERICAN BOXWOOD SHRUBS 18"-24"

STREET PARKING

Site Plan

BOSTON POST ROAD

PROPOSED LOCATION PLAN
SCALE 1" = 30'-0
BASED ON A SURVEY PREPARED BY SAL BENELLI LICENSED LAND

NEW PLANTING IN EXISTING PLANTER PACHYSANDRA GROUND COVER

EXISTING ASPHALT PARKING AREA TO REMAIN

INVENTORY PARKING

EMPLOYEE PARKING

CUSTOMER PARKING

INVENTORY PARKING

NEW PLANTING

REPLACE EXISTING WITH AMERICAN BOXWOOD SHRUBS 18"-24"

STREET PARKING

ADDITIONAL INVENTORY

INVENTORY PARKING



Attachment 3

STATE OF *NEWYORK* )
                            ):s.s.
COUNTY OF *QUEENS* )


### Verification


    This response to the Subpoena of the Attorney General of the State of New York dated *NOVEMBER 16, 2016* including without limitation production of the requested documents, was prepared and assembled under my personal supervision from the records of Victory Motors, LLC, doing business as Victory Mitsubishi in accordance with the instructions and definitions set forth in such Subpoena and is complete and correct to the best of my knowledge and belief. The documents produced in response to this Subpoena are authentic, genuine and what they purport to be.


_____
(Signature of Official)

*PHILIP ARGYROPOULOS*
_____
(Printed Name and Title)




Subscribed and sworn to before me this _9th_ day of _December_, 2016.


_____
Notary Public
    VALVERDE, DIANA
    Notary Public, State of New York
    No. 01VA6160277
    Qualified in Queens County
    Commission Expires Feb. 05, 20 19

7