# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE MARRERO,<br><br>                  Plaintiff,<br><br>        -against-<br><br>VICTORY AUTO GROUP LLC, individually and doing business as BRONX SUZUKI, PHILLIP ARGYOPOULOUS, Individually, SCOTT BONFORTI, Individually, and BORIS GELFAND, Individually,<br><br>                  Defendants. | No. 14-cv-4241 (LGS)<br><br><br>**ANSWER** |

Defendants Victory Auto Group LLC ("Victory Auto"), Phillip Argyopoulos, and Scott Bonforti (collectively, "Defendants"), by and through its undersigned attorneys, Littler Mendelson, P.C., for its Answer to Plaintiff Natalie Marrero's ("Plaintiff") Complaint, state as follows:

**INTRODUCTION**

1.     Deny the allegations in paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, the laws of the State of New York, the Administrative Code of the City of New York, and the New York Common Law, and that Plaintiff purports to invoke the jurisdiction of the Court pursuant to *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367.

**JURISDICTION AND VENUE**

2.     Admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 2000e *et seq.*, but state that the allegations set forth conclusions of law to which no response is required.

3.      Admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1367, but state that the allegations of paragraph 3 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

4.      The allegations of paragraph 4 set forth conclusions of law to which no response is required.

5.      Admit that Plaintiff purports to proceed in this venue pursuant to 28 U.S.C. § 1391(b), but state that the allegations of paragraph 5 of the Complaint set forth conclusions of law to which no response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## PARTIES

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Admit the allegations in paragraph 10 of the Complaint.

11.     Admit the allegations in paragraph 11 of the Complaint.

12.     Admit the allegations in paragraph 12 of the Complaint.

13.     Deny the allegations in paragraph 13 of the Complaint.

14.     Admit the allegations in paragraph 14 of the Complaint.

15.     Deny the allegations in paragraph 15 of the Complaint.

16.     Admit the allegations in paragraph 16 of the Complaint.

17.     Deny the allegations in paragraph 17 of the Complaint.

18.     The allegations in paragraph 18 sets forth the definition of "Defendants," to which no response is required.

19.     Deny the allegations in paragraph 19 of the Complaint.

## MATERIAL FACTS

20.     Admit that Plaintiff was a receptionist at the 4070 Boston Road location, but deny that she began her employment on or about August 7, 2012.

21.     Deny the allegations in paragraph 21 of the Complaint.

22.     Deny the allegations in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.  To the extent a response is required,

Defendants deny the allegations.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

27.     Admit that Plaintiff requested a transfer to become a receptionist, but deny that it was partially because she did not want to interact with Gelfand.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

30.     Admit that Plaintiff informed Bonforti that Gelfand touched her, but deny that Plaintiff left for the day because she felt "violated and humiliated."  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, but to the extent a response is required, Defendants deny the allegations.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except upon information and belief,

Defendants do not believe Gelfand pled guilty to any criminal activity.

33.     Deny the allegations in paragraph 33 of the Complaint.

34.     Deny the allegations in paragraph 34 of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Deny that Bonforti demanded that London return to Victory Auto because he did not want him to assist Plaintiff.

37.     Deny the allegations in paragraph 37 of the Complaint.

38.     Deny the allegations in paragraph 38 of the Complaint, except admit that Plaintiff resigned in or around September 2013.

39.     Deny the allegations in paragraph 39 of the Complaint.

40.     Deny the allegations in paragraph 40 of the Complaint.

41.     Deny the allegations in paragraph 41 of the Complaint.

42.     Deny the allegations in paragraph 42 of the Complaint.

43.     Deny the allegations in paragraph 43 of the Complaint.

44.     Deny the allegations in paragraph 44 of the Complaint.

45.     Deny the allegations in paragraph 45 of the Complaint.

46.     Deny the allegations in paragraph 46 of the Complaint.

47.     Deny the allegations in paragraph 47 of the Complaint.

48.     Deny the allegations in paragraph 48 of the Complaint.

49.     Deny the allegations in paragraph 49 of the Complaint, except admit that Plaintiff purports to seek punitive damages.

50.     The allegations of paragraph 50 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION

51.     Defendants repeat and reallege their responses to paragraphs 1 through 50 of the Complaint as if each were fully set forth herein.

52.     The allegations of paragraph 52 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964.

53.     The allegations of paragraph 53 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

54.     Defendants repeat and reallege their responses to paragraphs 1 through 53 of the Complaint as if each were fully set forth herein.

55.     The allegations of paragraph 55 set forth a legal standard to which no response is required.

56.     The allegations of paragraph 56 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## THIRD CAUSE OF ACTION

57.     Defendants repeat and reallege their responses to paragraphs 1 through 56 of the

Complaint as if each were fully set forth herein.

58.     The allegations of paragraph 58 set forth a legal standard to which no response is required.

59.     The allegations of paragraph 59 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

60.     The allegations of paragraph 59 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring a claim under Executive Law Section 296.

## FOURTH CAUSE OF ACTION

61.     Defendants repeat and reallege their responses to paragraphs 1 through 60 of the Complaint as if each were fully set forth herein.

62.     The allegations of paragraph 62 set forth a legal standard to which no response is required.

63.     The allegations of paragraph 63 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION

64.     Defendants repeat and reallege their responses to paragraphs 1 through 63 of the Complaint as if each were fully set forth herein.

65.     The allegations of paragraph 65 set forth a legal standard to which no response is required.

66.     The allegations of paragraph 66 set forth conclusions of law to which no response

is required.  To the extent a response is required, Defendants deny the allegations, except admit that Plaintiff purports to bring a claim under the New York City Administrative Code Title 8, § 8-107(1)(a).

### SIXTH CAUSE OF ACTION

67.     Defendants repeat and reallege their responses to paragraphs 1 through 66 of the Complaint as if each were fully set forth herein.

68.     The allegations of paragraph 68 set forth a legal standard to which no response is required.

69.     The allegations of paragraph 69 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### SEVENTH CAUSE OF ACTION

70.     Defendants repeat and reallege their responses to paragraphs 1 through 69 of the Complaint as if each were fully set forth herein.

71.     The allegations of paragraph 71 set forth a legal standard to which no response is required.

72.     The allegations of paragraph 72 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### EIGHTH CAUSE OF ACTION

73.     Defendants repeat and reallege their responses to paragraphs 1 through 72 of the Complaint as if each were fully set forth herein.

74.     The allegations of paragraph 74 set forth a legal standard to which no response is

required.

75.     The allegations of paragraph 75 set forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## NINTH CAUSE OF ACTION

76.     Defendants repeat and reallege their responses to paragraphs 1 through 75 of the Complaint as if each were fully set forth herein.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.  To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

Deny that Plaintiff is entitled to the relief requested in her prayer for relief.

## JURY DEMAND

Deny that Plaintiff is entitled to a jury on any issues.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Defendants did not subject her to any adverse employment action.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because she unreasonably failed to take advantage of the preventive and corrective opportunities provided by Victory Auto to report harassing, discriminatory, or retaliatory conduct in the workplace.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because individually named defendants Phillip Argyopoulos and Scott Bonforti were not Plaintiff's employer.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because to the extent defendant Gelfand engaged in any unlawful conduct, he was acting outside the scope of his employment with defendant Victory Auto.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to engage in reasonable efforts to mitigate her alleged damages, any entitlement to which is expressly denied.

**SEVENTH DEFENSE**

To the extent that Plaintiff alleges any physical or emotional injury as a result of Defendants' alleged actions, such claims are barred, in whole or in part, by the exclusive remedy provision(s) of the New York State Workers' Compensation Law.

**EIGHTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because Defendants' behavior was not malicious or reckless, and Defendants acted in good faith at all times to comply with the applicable anti-discrimination laws.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean

hands, estoppel and/or laches.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Victory Auto exercised reasonable care to prevent and to promptly correct any alleged harassment or discriminatory conduct in its workplace.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional remedies.

## TWELFTH  DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRTEENTH  DEFENSE

Attorneys' fees and punitive damages are unavailable respecting Plaintiff's claims pursuant to the New York State Human Rights Law.

## FOURTEENTH DEFENSE

Defendants reserve the right to raise any and all defenses that may become evident during discovery or any other proceeding in this action.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed in its entirety.


Date:   New York, New York
        September 2, 2014                 **LITTLER MENDELSON, P.C.**


                                /s/  Theo E.M. Gould
                               Theo E.M. Gould
                               900 Third Ave
                               New York, New York 10022
                               Tel.  212.583.9600
                               Fax. 212.832.2719
                               tgould@littler.com


                               Attorneys for Defendants Victory Auto
                               Group LLC, Phillip Argyopoulos, and Scott
                               Bonforti