UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN POLANCO, *on behalf of himself and all others similarly situated*,

                            Plaintiffs,

-v-

VICTORY AUTO GROUP LLC ET AL.,

                            Defendants.

23 Civ. 10900 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On March 8, 2024, the parties submitted a settlement agreement ("Agreement"), Dkts. 20–21, in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. In the Agreement, named plaintiff Juan Polanco, and plaintiffs Astariel Francis, Caprice Loga, Germinal Lantigua, Glennys Pena, and Jinelca Mercado accepted an offer of judgment from defendants pursuant to Federal Rule of Civil Procedure 68. Typically, in a FLSA action, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). However, the Second Circuit in *Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 398 (2d Cir. 2019), held that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims." *See id.* (reversing *sua sponte* district court order to submit settlement agreement to the court for a fairness review under *Cheeks* and judicial approval). In *Mei Xing Yu*, the Court explained that "Rule 68(a)'s command that the clerk *must* enter judgment is mandatory and absolute," *id.* at 400, concluding that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims," *id.* at 414.

The instant case differs from *Mei Xing Yu* because Polanco originally brought a collective action under the FLSA, and a class action under the NYLL. The Court understands the parties' settlement to be limited to the six plaintiffs identified by name above, and not to purport to bind any absent class member. However, the parties' submission, although implying this, does not so state. And under Rule 23(e), which applies to the claims under the NYLL, "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised *only with the court's approval.*" Fed. R. Civ. P. 23(e). The Court accordingly directs the parties to submit a joint letter by **March 21, 2024**, stating whether the Rule 68 offer resolves the claims of only the six plaintiffs specifically named in the "Proposed Rule 68 Judgment," or whether it purports to resolve claims of any other person(s).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 15, 2024
New York, New York